# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **Luis Polo**, being duly sworn, do hereby depose and state the following:

1.      I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006.  As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States.  I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters.  Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2.      Investigation reveals that, on or about Friday, January 16, 2026, **Richard Anderson GARCIA-AMADANTE** (also known as: Richard Anderson GARCIA-AMARANTE & Richard Garcia) was found in the United States illegally, upon being encountered, at or near Barrio Obrero, in San Juan, Puerto Rico, while present in the United States illegally, after having been previously deported.  Therefore, this Affidavit is made in support of a Criminal Complaint against **GARCIA-AMADANTE** based on violation of **Title *8*, _United States Code_,** Section **1326(a),** Re-entering the United States after being previously deported or removed.

3.      I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter.  This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

1

**PROBABLE CAUSE**

4.     On or about Friday, January 16, 2026, Border Patrol Agents (BPAs) were conducting roving patrol operations at or near Barrio Obrero, San Juan, Puerto Rico.

5.     This area is known for frequent drug & migrants smuggling activity.

6.     During patrol, BPAs observed several individuals, including **GARCIA-AMADANTE.**

7.     BPAs identified themselves as immigration officers, and proceeded to interview all subjects, including **GARCIA-AMADANTE.**

9.     BPAs questioned all subjects, including **GARCIA-AMADANTE**, as to their citizenship and nationality.

10.     All subjects, including **GARCIA-AMADANTE**, freely and voluntarily admitted to being unlawfully present in the United States.

11.     All subjects, including **GARCIA-AMADANTE**, admitted being citizens & nationals of the Dominican Republic.

12.     Record checks were conducted on all subjects, including **GARCIA-AMADANTE.**

13.     As per record checks, it was determined that **GARCIA-AMADANTE** is in fact an illegal alien with a prior deportation / removal.

14.     All subjects, including **GARCIA-AMADANTE**, were arrested and transported to U.S. Border Patrol Ramey Station in Aguadilla, Puerto Rico for further investigation, processing and removal proceedings.

15.     Once at Ramey Station, all subjects, including **GARCIA-AMADANTE**

photograph & fingerprints were taken and entered to different law enforcement database systems. Record checks confirmed that **GARCIA-AMADANTE** possesses prior immigration history.

16.    As to **GARCIA-AMADANTE's** immigration history:

    (a)    On November 20, 2018, **GARCIA-AMADANTE** illegally entered the United States at or near Cabo Rojo, Puerto Rico.

    (b)    On November 20, 2018, **GARCIA-AMADANTE** was encountered by U.S. Border Patrol at or near Cabo Rojo, Puerto Rico.

    (c)    On November 23, 2018, **GARCIA-AMADANTE** was officially & physically removed from the United States to the Dominican Republic from the Port of San Juan, Puerto Rico, pursuant to a removal order.

    (d)    **GARCIA-AMADANTE** claims to have illegally re-entered the United States by boat at or near Aguadilla, Puerto Rico, on August 15, 2020.

17.    Border Patrol Agents advised **GARCIA-AMADANTE** of his right to legal representation and his right to speak with the Consular Officer of his native country, the Dominican Republic.

**18.**    **GARCIA-AMADANTE** re-entered the United States at a place other than a designated Port of Entry.

**19.**    **GARCIA-AMADANTE** is a national and citizen of the Dominican Republic who does not possess any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **GARCIA-AMADANTE**

3

was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

20.    **GARCIA-AMADANTE** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

21.    Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code,* Section 1326(a).

Luis Polo
Border Patrol Agent

Subscribed and Sworn before me pursuant to FRCP 4.1 at 12:12pm by telephone, this 21st day of January 2026.

Honorable Mariana Bauza Almonte
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

4